IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2006 JUN 30  A 9: 02
DISTRICT OF UTAH
BY: _____
  DEPUTY CLERK

| | |
|---|---|
| SCOTT LEE LANCE,<br><br>    Plaintiff,<br><br>v.<br><br>SANDY CITY CORPORATION,<br><br>    Defendant. | Case No. 2:06-CV-240 DB<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is Defendant's Motion to Dismiss. (File Entry #5.) Defendant argues that Plaintiff's complaint in this case is essentially the same complaint Plaintiff filed with this court last year, which was dismissed on the merits. Defendant also argues that Plaintiff has failed to state a claim upon which relief can be granted and that the court lacks subject matter jurisdiction.

Having carefully considered the parties' memoranda and the complete record in this matter, the court recommends that Defendant's Motion to Dismiss be granted because Plaintiff's claims are barred by claim preclusion, or res judicata.

**BACKGROUND**

Scott Lee Lance is a pro se plaintiff who filed a complaint against Defendant, Sandy City Corporation, on March 14, 2005 (hereafter referred to as "2005 Complaint"). (See Case No. 2:05-CV-215-DB, File Entry #1.) On June 30, 2005, United States District Judge Dee Benson, who was assigned to the case, signed an order dismissing the case, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, because Plaintiff's complaint failed to state a claim upon which relief may be granted. (Case no. 2:05-CV-215-DB, File Entry #18.)

Plaintiff, again acting pro se, filed his complaint in the instant case on March 22, 2006. (File Entry #1.) The case was originally assigned to United States District Judge Bruce S. Jenkins; it was then reassigned, on March 24, 2006, to United States District Judge Tena Campbell. (File Entries #1, 2.) On April 14, 2006, pursuant to Defendant's motion, the case was reassigned to Judge Benson. (File Entry #9.) On May 19, 2006, Judge Benson referred the case to United States Magistrate Judge Samuel Alba, pursuant to 28 U.S.C. § 636(b)(1)(B). (File Entry #24.)

Defendant filed its Motion to Dismiss on April 12, 2006, with a supporting memorandum. (File Entries #5, 6.) Plaintiff filed his Response to Defendant's Motion to Dismiss on April 25, 2006. (File Entry #13.) Defendant filed its Reply to Plaintiff's Response on May 1, 2006. (File Entry #19.)

The court scheduled a hearing for June 29, 2006, for the parties to present oral arguments on the Motion to Dismiss. On June 29, counsel for Defendant appeared before the court, but Plaintiff did not appear for the hearing.

**ANALYSIS**

Defendant argues that claim preclusion, or res judicata, mandates that Plaintiff's complaint in this case be dismissed because it is essentially the same complaint he filed in this court on March 14, 2005, which complaint was dismissed on the merits. Defendant also argues that Plaintiff's complaint must be dismissed pursuant to the doctrine of issue preclusion, that Plaintiff has failed to state a claim under applicable law, and that the court lacks subject matter jurisdiction over several of the claims. Because the court concludes that claim preclusion bars Plaintiff's current complaint, the court does not reach Defendant's three other arguments.

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Satsky v. Paramount Comm., Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993). "Res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Id.* Claim preclusion, or res judicata, bars a claim if three requirements are met: (1) a

3

final judgment on the merits has been entered in the earlier action; (2) the earlier action involved the same parties or their privies; and (3) the earlier action involved identical claims as the claims brought in the new action. See Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999); Satsky, 7 F.3d at 1467. The Tenth Circuit, which has adopted the transactional approach to claim preclusion, has explained that "a claim arising out of the same 'transaction, or series of connected transactions' as a previous suit, which concluded in a valid and final judgment, will be precluded." Yapp, 186 F.3d at 1227 (citation omitted). A court determines what constitutes a transaction or series of transactions by "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id.

As Defendant points out, the first two elements of claim preclusion are obviously satisfied in this case. First, as set forth above, the 2005 Complaint was dismissed on the merits. Second, the parties in both suits are identical.

Third, the court must determine whether the claims asserted in both lawsuits are the same. The court has carefully examined Plaintiff's 2005 Complaint and the Complaint filed in the instant case. It appears to the court, with the exception of page 6 of Plaintiff's current complaint, which discusses previous lawsuits

4

filed by Plaintiff, and pages 21 through 23 of Plaintiff's current complaint, which Plaintiff has entitled "Supplemental Pleading," that Plaintiff simply photocopied his 2005 Complaint and resubmitted it as the majority of the Complaint in the instant case. Therefore, the claims contained on those pages are exactly the same as the claims asserted in the 2005 Complaint. On page 6 of the current Complaint, Plaintiff admits the 2005 case dealt with the same facts that are involved in this case, the 2005 Complaint was dismissed for failure to state a claim, and Plaintiff did not appeal the court's dismissal of that case on the merits. Finally, the information Plaintiff has added to this Complaint, found on pages 21 through 23, merely restates the claims set forth in the earlier pages of his Complaint, which are the pages that appear to have been photocopied from his 2005 Complaint. As a result, the court concludes that the instant Complaint sets forth the same claims asserted in the 2005 Complaint. Consequently, the third requirement of claim preclusion, or res judicata, is met in this case.

Because the requirements of claim preclusion, or res judicata, are met in this case, Plaintiff's current Complaint is barred and must be dismissed.

## RECOMMENDATION

Based on the above analysis, the Court concludes that Plaintiff's Complaint is barred by the doctrine of res judicata, or claim preclusion, and must be dismissed. As a result, the

court recommends that Defendant's Motion to Dismiss (File Entry #5) be **GRANTED**.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this ____ day of June, 2006.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge